## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>   David Zak, a/k/a Zak Law<br>   Offices, a/k/a Loan<br>   Modification Group, Inc.<br>      Debtor | Chapter 7<br>Case No.: 15-10098JNF |
| Lisa Reed,<br>      Plaintiff<br>v.<br><br>David Zak, a/k/a Zak Law Offices,<br>a/k/a Loan Modification Group,<br>Inc.,<br>      Defendant. | Adversary Proceeding<br>No._____ |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS AND OBJECTING TO DISCHARGE OF DEBTOR

     NOW COMES Lisa Reed, and represents and shows to the Court, pursuant to 11 U.S.C. §523 (a)(4); (a)(6) and §727 (a)(3); (a)(5) and (a)(6)(A) for her complaint against the Debtor to determine dischargeability of the Debtor's obligations to Lisa Reed, and objecting to discharge of Debtor, the following:

### JURISDICTION AND VENUE

1. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2) arising under §523 and §727 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") insofar as it is an objection to the dischargeability of the Debtor's debt.

2. Jurisdiction is conferred on the Court pursuant to 28 U.S.C. §157(b)(2)(I) and (J) and 28 U.S.C. §1334 (a). Venue is properly laid pursuant to 28 U.S.C. §1409.

### GENERAL ALLEGATIONS

3. At all times material and relevant herein, the plaintiff was an individual residing at 102 Union Street, Norwood, Norfolk County, Massachusetts.

4. At all times material and relevant herein, the defendant David Zak ("ZAK"), the Debtor, was an individual residing at 8 Museum Way, Cambridge, Middlesex County, Massachusetts.

5. At all times material and relevant herein, the defendant Zak Law Offices, P.C. ("ZLO"), the Debtor's law firm, was a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business located at 799 Huron Avenue, Unit 13B, Cambridge, Middlesex County, Massachusetts.

6. In approximately February, 2009, a Massachusetts corporation called Loan Modification Group, Inc. ("LMG") was formed by ZAK.

7. ZAK is the incorporator of LMG and is its sole officer, director and shareholder.

8. LMG is in the general business of analytical research. Specifically, LMG performs forensic audits and lender benefits analyses to be used in the home loan modification business.

9. LMG, at the time of its creation and thereafter, worked together with ZLO to provide LMG's customers with services relating to home loan modifications. Generally, LMG performed the analytical research and ZLO provided legal services.

10. LMG and the plaintiff, at the time of the corporation's creation, entered into an oral partnership agreement relative to services provided to LMG's customers for home loan modifications.

11. Thereafter, on a monthly basis, LMG and the plaintiff equally divided the net profits from the proceeds of the home loan modification business in accordance with their partnership agreement.

12. In January, 2010 LMG unilaterally, without legitimate cause or justification, terminated the oral partnership agreement with the plaintiff and excluded her from the home loan modification business.

13. Upon the illegitimate termination of the oral partnership, the plaintiff demanded that LMG dissolve and wind up the affairs of the partnership in accordance with Massachusetts law.

14. LMG not only failed to honor the plaintiff's demands for the dissolution and winding up of partnership affairs, but it continued operation of the home loan modification business without accounting to the plaintiff for profits generated and dividing the same in accordance with the oral partnership agreement.

15. The plaintiff is informed and believes that beginning in January, 2010, LMG continued operation of the home loan modification business through ZLO by transferring all of LMG's customers, income and assets to ZLO.

16. The plaintiff is informed and believes that the home loan modification business continued operations, through ZLO, and there was a continuous and ongoing transfer by LMG of all of its customers, income and assets to ZLO.

17. The plaintiff is informed and believes that also beginning in January, 2010 a portion of the income and assets of LMG was transferred by LMG to ZAK.

18. The plaintiff is informed and believes that when transfers of the customers, income and assets of LMG, by LMG, to ZAK and/or ZLO occurred, ZAK was the sole officer, director and shareholder of LMG and, further, that he authorized these transactions prior to or at the time of their occurrence.

19. The plaintiff believes that the transfers of customers, income and assets of LMG, by LMG, to ZLO and ZAK was specifically intended and designed to thwart and frustrate the plaintiff's attempts to effectuate and satisfy her legal rights as a partner of LMG under Massachusetts law.

20. On or about March 25, 2010 the plaintiff brought suit against LMG, and others, including ZLO, for breach of the oral partnership agreement.

21. On June 24, 2011, after trial by jury, the plaintiff was awarded damages of $414,000.00, plus interest and costs, against LMG for the breach of the oral partnership agreement.

22. Due demand has been made upon LMG for satisfaction of the judgment, but LMG has failed to comply with the Court's judgment.

23. LMG's current financial condition is a result of the ongoing transfers of customers, income and assets of LMG, by LMG, to ZLO and ZAK, which has rendered it insolvent and financially unable to operate its business or satisfy its debts and obligations.

24. At the time the Debtors filed for bankruptcy relief, a civil complaint was pending in the Middlesex County Superior Court (Lisa Reed v. David Zak and Zak Law Offices, P.C. Docket No.: MICV2011-03212B) relative to these claims.

## COUNT ONE - OBJECTION TO DISCHARGEABILITY
## OF DEBT PURSUANT TO 11 U.S.C. §523 (a)(4)-(6)

25. The plaintiff realleges the allegations set forth in paragraphs 1 through 24 and incorporates the same herein by reference as though fully set forth.

26. A discharge under §727, 1141, 1228(a), 1228(b), or 1328(b) of the Bankruptcy Code does not discharge an individual debtor from any debt:

> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny;
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.
>
> 11 U.S.C. §523(a)(4)(6).

27. As the sole officer, director and shareholder of LMG, ZAK owed a fiduciary duty to LMG, in accordance with M.G.L. c. 156D, Sections 6.41 and/or 8.40 and Massachusetts common law, to perform his duties in good faith and in a manner he reasonably believes to be in the best interests of LMG, and with such care as an ordinary prudent person in like position would use under similar circumstances.

28. ZAK breached his fiduciary duty to LMG by the knowing and intentional transferral of customers, income and assets of LMG, by LMG, to himself and ZLO in order to thwart and frustrate the plaintiff's attempts to effectuate and satisfy her legal rights as a partner under Massachusetts law.

29. ZAK breached his fiduciary duty to LMG by knowingly and intentionally authorizing the transferral of the customers, income and assets of LMG, by LMG, to himself and ZLO, without a legitimate business purpose for same, thereby, rendering LMG insolvent and financially unable to operate its business or satisfy its debts and obligations.

30. As a result, the plaintiff, a partner of LMG, and now a creditor of LMG, has been damaged in that she has been unable to satisfy the judgment she has obtained.

## COUNT TWO - OBJECTION TO DISCHARGEABILITY
## OF DEBT PURSUANT TO 11 U.S.C. §523(a)(4)-(6)

31. The plaintiff realleges the allegations set forth in paragraphs 1 through 24 and 26 and incorporates the same herein by referenced as though fully set forth.

32. As the sole officer, director and shareholder of LMG, ZAK owed a duty of good faith and loyalty to LMG, in accordance with M.G.L. c. 156D, Sections 8.30 and/or 8.31 and Massachusetts common law, to refrain from involving himself in

self-dealing transactions and/or exploiting corporate opportunities of LMG for the benefit of himself or other entities with whom he is involved.

33. ZAK breached his duty of good faith and loyalty to LMG by knowingly and intentionally authorizing transferral of the customers, income and assets of LMG, by LMG, to himself and ZLO in order to thwart and frustrate the plaintiff's attempts to effectuate and satisfying her rights as a partner under Massachusetts law.

34. ZAK breached his duty of good faith and loyalty to LMG by knowingly and intentionally authorizing the transferral of the customers, income and assets of LMG, by LMG, to himself and ZLO, without a legitimate business purpose for same, thereby rendering LMG insolvent and financially unable to operate its business or satisfy its debts and obligations.

35. The plaintiff realleges the allegations set forth in paragraph 30 and incorporates the same herein by reference.

## COUNT THREE - OBJECTION TO DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(4)-(6)

36. The plaintiff realleges the allegations set forth in paragraphs 1 through 24 and 26 and incorporates the same herein by reference as though fully set forth.

37. The plaintiff alleges that the conduct or actions of the defendants, as described above, constitutes involvement in the conveyances by LMG of its customers, income and assets to ZAK and ZLO, knowing that said conveyances by LMG were intended to hide, delay and defraud the plaintiff from being able to effectuate and satisfy her legal rights as a partner under Massachusetts law.

38. The plaintiff is informed and believes, based on the allegations set forth above, that ZAK and ZLO had, or currently have, in their possession, custody and control customers, income and assets of LMG, which were fraudulently transferred to them, and which they knew to be fraudulently transferred at the time of their receipt.

39. The plaintiff realleges the allegations set forth in paragraph 30 and incorporates the same herein by reference as though fully set forth.

WHEREFORE, Lisa Reed respectfully requests that this Court enter an Order:

(a) Declaring the Debtor's obligations to Lisa Reed to be nondischargeable in accordance with Bankruptcy Code §523(a)(4); (a)-(6);

(b) Deny the Debtor his discharge in accordance with Bankruptcy Code §727(a)(3); (a)(5) and/or (a)(6)(A);

(c) Granting Lisa Reed relief from the automatic stay and allow Lisa Reed to prosecute a civil action against the Debtor; and

(d) Granting Lisa Reed such other relief as is just and proper.

DATED: April 13, 2015

RESPECTFULLY SUBMITTED
FOR THE PLAINTIFF
BY HER ATTORNEY

/s/Sean P. Gleason
Sean P. Gleason, Esquire
GLEASON LAW OFFICES, P.C.
163 Merrimack Street
Haverhill, MA 01830
(978) 521-4044
BBO#556392